*Winn & Bassett,* for plaintiffs in error.

*Andrews & George,* for defendants in error.

---

## CONVICTION IN PROBATE COURT UNDER BEAL LAW.

[Circuit Court of Miami County.]

WILLIAM OBERER v. THE STATE OF OHIO.

Decided, April 5, 1904.

*Liquor Laws—Statute Giving Jurisdiction to Probate Court in Certain Counties not Unconstitutional—Error Proceedings to Common Pleas—Concurrent Jurisdiction—Services of Stenographer at Trial —Time—A Holiday Counts, When—Affidavit Charging Offense— Negativing the Exception as to Regular Druggists—Sentence.*

1. Section 6454, Revised Statutes, giving the probate court in certain counties concurrent jurisdiction with the common pleas in all misdemeanors and proceedings to prevent crime, is not unconstitutional for lack of uniform operation.

2. Inasmuch as the rank of courts and the right of appeal is a matter regulated by statute, the fact of the concurrent jurisdiction of the probate and common pleas courts in certain matters does not require that an appeal from the probate court in any one of those matters should be to the circuit instead of the common pleas court.

3. Where no demand for a stenographer is made in a criminal trial, but a mere inquiry is made on behalf of the defendant as to whether one would be present, there is no prejudicial error in going to trial without a stenographer.

4. A holiday counts as one of the three days allowed for filing a motion for a new trial, unless the holiday is the last of the three days.

5. It is not necessary that the information, required under Section 6455 in prosecutions before the probate court, shall be sworn to, and the

preliminary affidavit is sufficient to carry the matter through all the courts.

6. Where an information charges both keeping a place open and selling, the exception of the statute is sufficiently negatived as to the first charge by stating that the place was "not a drug store," but is not negatived as to the second charge if it is not added that the accused is not "a regular druggist."

7. Section 7327 authorizes a commitment until fine and costs are paid; and if such were not the case, the right to complain would be waived by payment.

DUSTIN, J.; WILSON, J., and SULLIVAN, J., concur.

Plaintiff in error was tried before the probate court for keeping open a saloon on Sunday, in violation of Section 4364-20, Revised Statutes, known as the Beal Law. He was found guilty and fined $100 and costs, which amount was paid for him by his attorney, who forthwith prosecuted error to the common pleas court. The common pleas court affirmed the judgment of the probate court, and the case is here on proceeding in error to reverse the judgment of the common pleas. The points relied upon are—

1st. That the law giving jurisdiction to the Probate Court of Miami County (Section 6454, Revised Statutes), is unconstitutional because special legislation and in violation of Section 26, Article II, of the Constitution of Ohio.

This point, we think, is not well taken, because Section 8, Article IV, of the Constitution, provides that—

"The probate court shall have jurisdiction in probate and testamentary matters  *  *  *  *  *  *  and such other jurisdiction in any county or counties, as may be provided by law."

Within the limits of this authority, the Legislature has conferred upon the probate court in certain counties, including Miami, "concurrent jurisdiction with the court of common pleas in all misdemeanors and all proceedings to prevent crime." The offense here charged is certainly a misdemeanor.

But it is urged that even if the probate court has jurisdiction it is concurrent with the common pleas, and the common pleas therefore has no appellate jurisdiction, because "courts have no power to interfere with the judgment and decrees of other courts of concurrent jurisdiction," arguing that error

must, therefore, be prosecuted directly to the circuit court, which would give the circuit court of this county jurisdiction different from that conferred in other counties.

This point is not well taken because, while it is true that of courts having concurrent jurisdiction, the one first obtaining jurisdiction of the parties retains it without interference by the other, yet the rank of courts and the right of appeal is regulated by statute, and Section 6708, Revised Statutes, gives the common pleas court the right to review the action of the probate court. It would hardly be contended that because a magistrate's court and the common pleas have concurrent jurisdiction in certain cases involving not more than $300, the judgment of said magistrate could not, in such cases, be reviewed in the common pleas.

Again, it is claimed that the plaintiff in error was refused the services of a stenographer in the trial before the probate court, which deprived him of obtaining an accurate record of the proceedings and the means of prosecuting error thereon. The affidavit offered with reference to that matter is contradicted by the bill of exceptions, but taking the affidavit of plaintiff's attorney, as though uncontradicted, and a case of prejudicial error is not made out, because it appears that an inquiry only was made as to whether a stenographer would be present. There was no demand made for a stenographer, and no continuance asked on acount of his or her absence, and no exceptions taken to being forced to trial under such circumstances. Plaintiff simply submitted, with a protest, to the situation and proceeded to trial.

Strictly speaking, however, we can not consider this matter before us. The motion for a new trial was not filed in time. The trial was on the 24th of November, 1903. The motion for a new trial was filed November 28th. An affidavit was filed by defendant's attorney setting up that the 26th was a national holiday, and that on the 27th he was engaged in another trial, and on account of illness in affiant's family he was prevented from filing the motion. This is not a sufficient excuse. A holiday counts unless it is the last day, and the excuse does not apply to all three days allowed by the statute.

Another error claimed is that no indictment was returned, and the information was not sworn to. Indictment is not necessary under Section 6455, and there is no requirement that the information be sworn to. Of course in original proceedings in criminal matters (other than by indictment) there must be an affidavit upon which to found a warrant. And that was the case here. In the preliminary proceedings before the mayor's court there was an affidavit, and that was sufficient to carry the matter all the way through.

Again, it is urged that the information was insufficient to charge the offense defined in Section 4364-20, because it does not properly negative the exception and set forth that the accused was "not a regular druggist." That exception applies only to the clause with reference to the *sale* of intoxicating liquors, and not to the offense of keeping open on Sunday a place where intoxicating liquors are usually sold. The information contains matters with reference to two charges, one of keeping open a place, etc., and the other of selling, etc. The first charge is sufficiently stated because it negatives the exception by stating that the said room was "not a drug store." The second charge does not state that the accused is not a regular druggist, and is defective. The latter charge, therefore, being insufficient, may be considered as surplusage, and the accused is deemed to have been convicted of the offense properly charged.

Lastly, it is claimed that the judgment of the probate court is erroneous in that it provides for the commitment of the plaintiff in error to jail until fine and costs are paid. Section 7327 authorizes such a sentence, but if not, it was waived by payment.

The judgment, therefore, of the common pleas court will be affirmed.

*Robert J. Smith,* for plaintiff in error.

*A. B. Campbell* and *William H. Gilbert,* for the state.